## GAMMON *v.* PLAISTED & A.

The plaintiff sold to A and B his stock of goods, consisting in part of spirituous liquors, and took the note of A for the price. A afterwards sold his interest in the stock to B, and the plaintiff thereupon gave up A's note and took the note of B for the amount. This note was afterwards surrendered, and the note in suit, signed by B, with a surety, taken in its place. *Held,* that the surrender of A's note furnished no sufficient consideration for the note of B; and that the note sued must fail for want of consideration ; also, that the plaintiff could not apply money paid generally upon the notes to extinguish that part resting upon an illegal consideration so as to leave the balance good.

ASSUMPSIT, on a note for $540, signed by Sidney G. Plaisted as principal, and John Plaisted as surety, dated September 15, 1870, payable to the plaintiff or order. There was also a count for money had and received. Said note was given under the following circumstances :

In September, 1869, the plaintiff was a trader in Portsmouth, having a stock in trade consisting of groceries and spirituous liquors ; and during that month he sold the same to one Wm. A. Plaisted and the defendant, S. G. Plaisted, for the sum of $830, $234.65 of which was for the liquors, and the balance for the groceries. They paid in cash $30, and W. A. Plaisted gave his own note for $800, payable to the plaintiff, being the balance of the price of the stock of goods. In a few months S. G. Plaisted purchased W. A. Plaisted's interest in said stock of goods, and the plaintiff gave up W. A. Plaisted's note, and took S. G. Plaisted's note for the same amount instead. Up to September 15, 1870, the defendant, S. G. Plaisted, had paid on said note, in cash and groceries, $308, and on that day the plaintiff gave up his note for $800,-and took the note sued on in this action, it being for the amount due on the $800 note, after deducting the amount paid by the defendant. In December, 1870, the defendant paid $80 in cash on said note. The plaintiff had no license for the sale of spirituous liquors, and he offers to prove that at the time of the sale he supposed he was selling to W. A. Plaisted alone. It is agreed that judgment be

rendered for the plaintiff for the amount due on said note, or that judgment be entered for the defendants for costs, as the court shall find the law to be.

*W. H. Hackett*, for the plaintiff.

*Page*, for the defendants.

LADD, J.   The case shows that the plaintiff had no license for the sale of spirituous liquors, and it must be assumed that the original sale by him to W. A. & S. G. Plaisted was made in violation of law.   Part of the consideration of the note given by W. A. Plaisted in that transaction was therefore illegal, and that note, while in the plaintiff's hands, was invalid.   *Kidder* v. *Blake*, 45 N. H. 530.

This being so, it makes no difference whether the consideration of Sidney G. Plaisted's note was in part a sale of the stock which comprised liquor sold in violation of law, or whether it was wholly the surrender of the first invalid note, or whether both these elements entered into it.   In either view, it was without legal consideration : for the second sale of liquors could not raise a good consideration for the second note, any more than the first sale did for the first note ; and the first note, having no legal value in the hands of the plaintiff, could furnish no consideration for another.   It follows that the note of Sidney G. Plaisted, given to the plaintiff upon the surrender of that signed by W. A. Plaisted, was without legal consideration ; and the note in suit given by the same party with a surety in renewal of that, and for the same debt, could be no better.

The case of *Kidder* v. *Blake* covers the whole ground, and furnishes a complete answer to all the positions insisted on by the plaintiff's counsel in argument, except the claim that the plaintiff might apply the payments to that part of the note which rested on the illegal consideration, leaving the remainder good ; and that is settled against him in *Caldwell* v. *Wentworth*, 14 N. H. 431, and *Hall* v. *Clement*, 41 N. H. 166.   It is unnecessary to go over the same ground again ; and inasmuch as there is no count in the writ for goods sold, according to the agreement of the parties, there must be

*Judgment for the defendants.*